# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**November 29, 2016**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**THOMAS DAWSON,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0063** (BOR Appeal No. 2050686)
(Claim No. 2012001051)

**JAFLO, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas Dawson, by Lawrence E. Sherman Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jaflo, Inc., by Daniel G. Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 21, 2015, in which the Board affirmed a July 9, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 24, 2014, decision granting no psychiatric permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dawson, a tree trimmer, was injured in the course of his employment on July 7, 2011, when a tree limb fell and struck him. The claim was held compensable for concussion, cervical sprain, cervical spondylosis, right shoulder sprain and contusion, and post-concussion syndrome. In an independent medical evaluation on August 22, 2013, Ghazala Kazi, M.D., assessed 18% impairment for shoulder and neck conditions caused by the compensable injury and noted that Mr. Dawson should be referred to a neuropsychologist for rating for his memory loss and mood disorder.

1

Bobby Miller, M.D., performed a forensic psychiatric evaluation of Mr. Dawson on December 2, 2013, in which he diagnosed undifferentiated somatoform disorder, personality disorder, and post-concussive headaches. He also found evidence of malingering and symptom magnification. Dr. Miller found Mr. Dawson to be at maximum medical improvement. He noted that the somatoform disorder was not compensable, and the personality disorder was pre-existing and therefore also not compensable. He concluded that Mr. Dawson could return to work at any time and did not offer an impairment rating. The claims administrator granted no psychiatric permanent partial disability award on February 24, 2014.

On June 18, 2014, Edward Jones, M.A., performed a psychological evaluation in which he noted that Mr. Dawson displayed mildly impaired immediate memory, moderately impaired attention, and moderately impaired concentration. Mr. Jones found that he was in the below average intellectual functioning range. There was no suggestion of the presence of a learning disorder. Mr. Dawson's self-reported symptoms of anxiety and depression were severe. On June 23, 2014, Ahmed Faheem, M.D., authored a report based on Mr. Jones's findings. He diagnosed depressive disorder, anxiety disorder, and cognitive disorder related to post-concussion syndrome. Mr. Dawson's global assessment of functioning score was assessed at forty-five. Dr. Faheem opined that Mr. Dawson's cognitive, depressive, and anxiety disorders were directly related to the compensable injury. He found no pre-existing psychiatric problems. Dr. Faheem noted that while there were indications of symptom magnification, Dr. Miller was the only physician of record to diagnose malingering. Dr. Faheem asserted that he found no evidence of malingering or symptom magnification during his evaluation. He assessed 20% whole person impairment and apportioned 5% for any pre-existing condition that may have existed, though he found none.

On November 3, 2014, Mark Casdorph, D.O., performed a psychiatric evaluation in which he diagnosed somatic symptom disorder with predominant pain, mild neurocognitive disorder, and alcohol use disorder. He noted that somatic pain disorder was excluded as compensable by West Virginia Code of State Rules § 85-20 (2006) and the presence of the condition signified pre-existing psychological impairment that is not compensable. Dr. Casdorph concluded that there was a causal relationship between Mr. Dawson's initial neurocognitive complaints and the injury. However, the symptoms resolved by the time of the evaluation. He suggested that Mr. Dawson's extended recovery time may have been due in part to his history of alcohol consumption.

The Office of Judges affirmed the claims administrator's decision on July 9, 2015. It found that Dr. Faheem disagreed with Dr. Miller's conclusions and diagnoses of somatoform disorder and malingering. Dr. Casdorph noted that somatic pain disorder was excluded as compensable by West Virginia Code of State Rules §85-20. He opined that the presence of the condition signified pre-existing psychological impairment that is not compensable. Though Dr. Casdorph found that there was a causal relationship between Mr. Dawson's initial neurocognitive complaints and the compensable injury, the neurocognitive complaints had resolved by the evaluation. The Office of Judges determined that a preponderance of the evidence, as concluded by Dr. Casdorph, shows that the psychiatric effects of the compensable

2

injury were no longer impairing Mr. Dawson. His current complaints were found to be the result of non-compensable factors. The Office of Judges noted that he had been evaluated by numerous mental health practitioners. In October of 2011, a psychological evaluation included the diagnoses of pseudodementia, depression, and alcohol amnestic syndrome. In December of 2011, a neuropsychological evaluation found that Mr. Dawson's cognition was consistent with learning difficulties and he suffered from cognitive weakness, depression, post-concussive syndrome, and alcohol use. In February of 2011, an evaluation found dementia secondary to alcohol consumption, depression, and anxiety. An evaluation in December of 2013 found significant symptom magnification and malingering. On the other hand, the Office of Judges noted that Dr. Faheem's report found no evidence of malingering or symptom exaggeration.

The Office of Judges noted that Dr. Casdorph found Mr. Dawson to be exaggerating his psychological symptoms and memory loss. His evaluation performances varied to a degree that would not be expected in a patient with permanent brain damage as a result of the instant injury. Further, Dr. Casdorph found he could care for his basic needs and was involved in activities and relationships. He suggested that Dr. Faheem was not aware of Mr. Dawson's extensive history of alcohol consumption and preinjury cognitive limitations. The Office of Judges found that Dr. Faheem rated Mr. Dawson's global assessment of functioning at forty-five. This low of a score would indicate significant impairment levels which would require direct supervision. The score would also indicate a need for intensive outpatient and frequent inpatient treatment. Mr. Dawson does not exhibit impairment near this level. Lastly, the Office of Judges found that Dr. Faheem's report indicated Mr. Dawson had no pre-existing problems. However, Dr. Faheem apportioned 5% for non-compensable factors. In doing so, he provided no justification for his decision and did not describe the non-compensable factors. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 21, 2015.

On appeal, Mr. Dawson argues that he developed depression, anxiety, concussion, and post-concussive syndrome as a result of the compensable injury and the reports of Mr. Jones and Dr. Faheem establish that he has 15% permanent partial disability due to his psychiatric conditions. Jaflo, Inc., asserts that Dr. Faheem's recommendation of 20% psychiatric permanent partial disabiliaty greatly exceeds the impairment guidelines found in West Virginia Code of State Rules § 85-20-Exhibit B (2006). It argues that high of impairment would put Mr. Dawson at the severe level and there is no indication that he requires direct supervision or suffers from serious impairment in social or occupational functioning.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. A preponderance of the reliable evidence indicates Mr. Dawson suffers from non-compensable psychological issues. Dr. Faheem's report finding 15% psychological impairment as a result of the compensable injury is unreliable. Dr. Faheem's findings are excessive and not supported by the remainder of the evidentiary record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II